1  Kathryn J. Halford (CA Bar No. 068141)
   Email: khalford@wkclegal.com
2  Emily Johnson (CA Bar No. 342847)
   Email: ejohnson@wkclegal.com
3  **WOHLNER KAPLON CUTLER**
   **HALFORD ROSENFELD & LEVY**
4  16501 Ventura Boulevard, Suite 304
   Encino, CA  91436
5  Telephone: (818) 501-8030 ext. 331
   Facsimile: (818) 501-5306
6
7  Attorneys for Plaintiffs, Board of Directors
   of the Motion Picture Industry Pension Plan, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CLAPPER, LLC, a California limited liability company, DEVIANT FILMS, INC., a California corporation,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA**<br><br>[29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185] |

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and by Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

## VENUE

2. In accordance with ERISA Section 502(e), 29 U.S.C. § 1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered and where the contractual obligations alleged herein are to be performed.

## PARTIES

3. Plaintiffs, the Board of Directors of the Motion Picture Industry Pension Plan, Board of Directors of the Motion Picture Industry Individual Account Plan, and Board of Directors of the Motion Picture Industry Health Plan ("Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds, which were created and are maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are employee pension benefit plans as defined by ERISA Section 3(2), 29 U.S.C. § 1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an employee welfare benefit plan as defined by ERISA Section 3(1), 29 U.S.C. § 1002(1). The Pension Plan, IA Plan, and Health Plan (collectively, the "Plans") are multiemployer plans within the meaning of ERISA Sections 3(37)(A) and 515, 29 U.S.C. §§ 1002(37)(A) and 1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA Section 21(A), 29 U.S.C. § 1002(21)(A). The Plans were established pursuant to Collective Bargaining Agreements between various

employers and employer associations performing work in the entertainment (motion picture and television) industry, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization. The Plans are administered in the Studio City, California.

5. Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, THE CLAPPER, LLC ("Clapper") was and is a limited liability company organized and existing under the laws of the state of California and authorized to transact and transacting business within the state of California and the geographic jurisdiction of this Court. Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, Clapper was and is an entity controlled by defendant DEVIANT FILMS, INC. ("Deviant")

6. Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, that Deviant was and is a corporation organized and existing under the laws of the state of California and authorized to transact and transacting business within the state of California and the geographic jurisdiction of this Court. (Deviant and Clapper are collectively referred to herein as "Defendants").

7. This Complaint is prosecuted pursuant to LMRA Section 301(a), 29 U.S.C. § 185(a), and ERISA Sections 502 and 515, 29 U.S.C. § 1132 and 1145, to enforce the provisions of ERISA against Defendant as an employer engaged in an industry affecting commerce.

## GENERAL ALLEGATIONS

8. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

9. On or about May 26, 2016, Defendants and the IATSE entered into a Project Agreement in which Defendants confirmed that the production of a motion picture entitled "The Clapper" was subject to the terms of the IATSE Basic Agreement of 2015 and the Low Budget Theatrical Agreement of 2014-2016

("Term Agreements"). A true and correct copy of the Project Agreement is attached hereto and incorporated herein by this reference as "Exhibit 1."

10. On or about June 10, 2016, Defendants entered into a Memorandum Agreement with Studio Transportation Drivers Local 399 ("Memorandum Agreement") in which Defendants agreed to become signatory to the 2015 Producer-Studio Transportation Drivers Agreement, the 2015 Producers Studio Casting Directors Local 399/Local 817 Agreement and the 2015 Producers Studio Location Managers Local 399 Agreement ("399 Agreements") for the production of The Clapper and thereby became obligated to Defendants and agreed to make all contributions to the Plans from date of hire for all employees performing work covered by the terms of the 399 Agreements. A true and correct copy of the Memorandum Agreement is attached hereto and incorporated herein by this reference as Exhibit "2". The Project Agreement, Term Agreements, the Memorandum Agreement, and the 399 Agreements are collectively referred to herein as "Agreements".

11. In conjunction with the execution of the Project Agreement and the Memorandum Agreement, Defendant executed an IATSE Trust Acceptance ("IA Trust Acceptance") and a Studio Transportation Drivers, Local 399 Trust Acceptance ("399 Trust Acceptance") (collectively Trust Acceptances"), wherein Defendant agreed to be bound by all terms and conditions of the Agreements and Declarations of Trust establishing the Plans ("Trust Agreements") and to contribute to the Plans on behalf of each employee covered by the Agreements. True and correct copies of Trust Acceptances are submitted herewith and incorporated herein by reference as "Exhibit 3."

12. The Trust Agreements obligate employers to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees, by the last day of the payroll week. Contributions are deemed delinquent if they are not

received within ten (10) working days from the date such contributions become due.

13. The Trust Agreements provide that, in the event of a delinquency in contributions, employers shall be liable to the Plans for the contributions owed as well as: (i) interest on the delinquent contributions at the rate of one percent (1%) per month, accruing from the date the payment is due until the day payment is made; (ii) liquidated damages in an amount equal to the greater of either twenty percent (20%) of the amount of the contributions due or the amount of interest due, and; (iii) all expenses of collection, including but not limited to, reasonable accountants' fees, auditors' fees, attorneys' fees, and costs incurred in connection therewith.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

14. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. Plaintiffs are informed and believe and thereupon allege that Defendants employed persons who performed work covered under the Agreements but failed to report and pay contributions to the Plans for these covered employees.

16. As authorized by the Trust Agreements, on September 24, 2021, Plaintiffs completed and published an audit of Defendants' records (the "Audit"), which disclosed for the first time that Defendants had failed to pay contributions in the amount of $5,977.10 for hours worked by its employees during the period of May 1, 2016 to February 4, 2017. Prior to completion of the Audit, Plaintiffs were unaware that Defendants had failed to properly report and pay contributions.

17. In accordance with the Trust Agreements, as of the Audit's publication, interest in the amount of $3,660.95 had accrued on the delinquent contributions, and liquidated damages in the amount of $3,660.95 had been

assessed. Interest continues to accrue on the unpaid contributions from the date the contributions were due until the date they are paid. Additionally, audit costs in the amount of $1,800.00 have been accessed.

18. As a result of Defendants failure to timely report and pay contributions to the Plans, it has been necessary for Plaintiffs to employ the law firm of Wohlner Kaplon Cutler Halford Rosenfeld & Levy, and Plaintiffs have incurred attorneys' fees.

19. On September 2, 2022, Plaintiffs demanded payment for the unpaid contributions, liquidated damages, interest, and audit costs, for a total of $15,099.00. Defendants did not respond. The total amount demanded remains due and owing, together with the interest and liquidated damages that have continued to accrue from the date of publication of the Audit.

20. As a result of Defendants breach of the Agreements and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the total contributions owed, liquidated damages, interest, and all costs of collection including attorneys' fees, court costs, and audit costs incurred in enforcing the terms of the Agreements and the Trust Agreements.

21. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements and the Trust Agreements.

## SECOND CLAIM FOR RELIEF
### (Violation of ERISA)

22. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 21, as though fully set forth herein.

23. By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreements and the Trust Agreements, Defendants violated ERISA Section 515, 29 U.S.C. § 1145. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Plaintiffs are

entitled to, and hereby demand, payment by Defendants of all unpaid contributions, plus liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendants, THE CLAPPER, LLC, a California limited liability company, as an entity controlled by DEVIANT FILMS, INC., and DEVIANT FILMS, INC. a California corporation, as follows:

WHEREFORE, Plaintiffs pray for judgment against Defendants, THE CLAPPER, LLC, a California limited liability company, and defendant DEVIANT FILMS, INC., a California corporation, as follows:

### ON ALL CLAIMS FOR RELIEF

1. For unpaid contributions in the sum of $5,977.10 as disclosed by the Audit;

2. For payment of interest calculated at the rate of one percent (1%) per month on all unpaid audit contributions disclosed by audit from date due until the date paid;

3. For audit costs assessed in the amount of $1,800.00;

4. For payment of liquidated damages assessed on all unpaid contributions disclosed by audit in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month until paid;

5. For attorneys' fees and costs; and

### ON THE SECOND CLAIM FOR RELIEF

6. For such other relief as the court deems appropriate, including other

1 appropriate legal and/or equitable relief in accordance with ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

DATED: December 19, 2022

Kathryn J. Halford
Emily Johnson
**WOHLNER KAPLON CUTLER HALFORD ROSENFELD & LEVY**

By: */s/ Kathryn J. Halford*
 Kathryn J. Halford
 Attorney for Plaintiffs
 Board of Directors of the Motion
 Picture Industry Pension Plan, et al.